UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:04-CR-00025-SDN; |
| | ) | 2:03-CR-00096-SDN |
| JEFFREY SIMPSON, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE**

Before me are Defendant Jeffrey Simpson's *pro se* motions for compassionate release.[1] ECF No. 37. Because Mr. Simpson has not demonstrated extraordinary and compelling reasons to justify early release, I DENY the motion WITHOUT PREJUDICE.

## I.  Background

On June 12, 2025, Mr. Simpson submitted a request for compassionate release to the Bureau of Prisons ("BOP"), which it received five days later and denied on June 23, 2025. ECF No. 39-1 at 1–2. The following month, Mr. Simpson filed the instant motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).[2] ECF No. 37. In his one-page motion, Mr. Simpson states that he "lost 3 of [his] siblings and [his] mother now has some cognitive issues that are rapidly getting worse" and "need[s] to be there for her[.]"

---

[1] Mr. Simpson is serving concurrent sentences imposed by the District of Maine in two separate cases: 1:04-CR-00025-SDN and 2:03-CR-00096-SDN. Because the Defendant's motions and Government's responses are identical, they are consolidated into a single order. For simplicity, unless otherwise noted, all ECF references contained in this order reflect filings at docket number 2:03-CR-00096-SDN.

[2] While Mr. Simpson does not expressly reference 18 U.S.C. § 3582(c)(1)(A)(i), because he requests the motion "be reviewed as . . . [one] for compassionate release" and invokes his mother's health as its basis, ECF No. 37 at 1–2, the Court construes the motion as a request for compassionate release under section 3582(c)(1)(A)(i). *See* 18 U.S.C. § 3582(c)(1)(A)(i) (stating "extraordinary or compelling reasons" as a basis for compassionate release); *see also* U.S.S.G. § 1B1.13(b) (enumerating the circumstances that constitute "extraordinary and compelling reasons" for compassionate release, including "[t]he incapacitation of the defendant's parent").

1

*Id.* at 2. On August 14, 2025, the Government filed its response in opposition to Mr. Simpson's motion, contending Mr. Simpson did not identify extraordinary or compelling reasons that merit compassionate release and that early release would contravene the sentencing factors outlined in 18 U.S.C. § 3553(a). *See* ECF No. 39 at 4–6.

Mr. Simpson is currently incarcerated at the United States Penitentiary, Pollock, Louisiana. *See* ECF No. 37-1; *see also Find an Inmate*, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Oct. 16, 2025). In December 2003, he pleaded guilty to one count of possessing a firearm after a felony conviction, in violation of 18 U.S.C. § 922(g)(1). ECF Nos. 20, 29. In June 2004, he pleaded guilty to one count of Hobbs Act robbery, in violation of 18 U.S.C. § 1951. ECF Nos. 19, 23 (1:04-CR-00025-SDN). In September 2004, the Court sentenced Mr. Simpson to concurrent terms of 327 months on the felon-in-possession count and 240 months on the robbery count, followed by a supervised release term of five years. ECF No. 29 at 1–3. Mr. Simpson's estimated release date is in December 2028. ECF No. 39 at 2.

## II. Discussion

### A. Legal Standard

District courts lack the inherent authority to modify a term of imprisonment and generally require a statutory exception to alter a previously imposed sentence. *See* 18 U.S.C. § 3582(c); *United States v. Harvey*, 20 F.4th 71, 75–76 (1st Cir. 2021). One such exception is 18 U.S.C. § 3582(c)(1)(A), which permits a court to consider a motion for compassionate release initiated by an incarcerated individual who has fully exhausted their administrative remedies.[3] *See* 18 U.S.C. § 3582(c)(1); *United States v. Duluc-*

---

[3] Exhaustion is satisfied upon the earlier of: (1) "the defendant . . . exhaust[ing] all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf"; or (2) "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A).

*Méndez*, No. 24-1767, 2025 WL 2925257, at *2 (1st Cir. Oct. 15, 2025); *United States v. Hodges*, No. 2:23-CR-00048-JAW-1, 2025 WL 1796098, at *4–5 (D. Me. June 30, 2025) (noting administrative exhaustion is a mandatory procedural requirement for bringing a motion under 18 U.S.C. § 3582(c)(1)(A) and the statute "'carved out a narrow exception to the general rule that [a] court may not modify a term of imprisonment once it has been imposed'" (quoting *United States v. Quirós-Morales*, 83 F.4th 79, 84 (1st Cir. 2023) (internal citation omitted)). Once a movant satisfies the exhaustion requirement, the court may modify a term of imprisonment if: (1) "extraordinary or compelling reasons" justify a reduction in sentence; (2) the reduction is consistent with the United States Sentencing Commission's current policy statement; and (3) early release is consistent with the sentencing factors listed in 18 U.S.C. § 3553(a).[4] 18 U.S.C. §§ 3582(c)(1)(A); *United States v. Collamore*, No. 2:10-CR-00158-NT, 2025 WL 1475603, at *3 (D. Me. May 22, 2025) (discussing the three-step inquiry).

Regarding the third step, the 18 U.S.C. § 3553(a) factors "need only be addressed if the court finds an extraordinary and compelling reason favoring release." *US v. Saccoccia*, 10 F.4th 1, 8 (1st Cir. 2021). As the movant, the burden is on the defendant to demonstrate extraordinary and compelling reasons warrant compassionate release. *Collamore*, 2025 WL 1475603, at *4. The statute does not define extraordinary and compelling reasons but directs courts to the Sentencing Commission's current policy statement for the proper considerations. *See* 18 U.S.C. § 3582(a)(1)(A); U.S.S.G. §

---

[4] The 18 U.S.C. § 3553 factors include, *inter alia*, the nature and circumstances of the offense, the defendant's history and personal characteristics, the Sentencing Commission's "pertinent policy statement," the sentencing range for the incarcerated offense, and the need for the sentence to "reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," as well as to deter criminal conduct and "protect the public" from "further crimes of the defendant." 18 U.S.C. § 3553(a).

1B1.13(b) (policy statement). The Sentencing Commission's policy statement provides for a sentence reduction based on family circumstances, stating, in relevant part, that "incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent" is sufficient for establishing an extraordinary and compelling reason. U.S.S.G. § 1B1.13(b)(3)(C).

The Sentencing Commission is silent as to what constitutes "incapacitation" in the context of compassionate release. *United States v. Cameron*, No. 1:13-CR-00001-JAW-1, 2024 WL 5090191, at *11 (D. Me. Dec. 12, 2024); *see* U.S.S.G. § 1B1.13. As such, courts generally rely on the BOP's non-binding Program Statement to define "incapacitation," *see Cameron*, 2024 WL 5090191, at *12 (collecting cases), as well as the term's plain meaning, *see United States v. Doe*, No. 1:17-CR-00091-JAW-1, 2024 WL 4751731, at *10 (D. Me. Nov. 12, 2024) (using both the BOP Program Statement and plain meaning to analyze whether an incarcerated individual's mother was incapacitated within the meaning of the compassionate release statute). The BOP does not define "incapacitation" specific to parental circumstances but does so in reference to "[t]he incapacitation of the defendant's spouse or registered partner." BOP, Program Statement § 5050.50, https://www.bop.gov/policy/progstat/5050_050_EN.pdf, at 9–10. "Incapacitation" in that context is "a serious injury, or a debilitating physical illness" that results in the incarcerated individual's spouse or registered partner being "completely disabled," meaning they "cannot carry on any self-care" and are "totally confined to a bed or chair; or [a] severe cognitive deficit (e.g., Alzheimer's disease or traumatic brain injury that has severely affected . . . mental capacity or function), but may not be confined to a bed or chair." *Id*. The BOP further provides that the term "only available caregiver" means "there

4

is no other family member or adequate care option that is able to provide primary care." *Id*.

### B. Extraordinary and Compelling Reasons

Mr. Simpson exhausted his administrative remedies by submitting a compassionate release request to the BOP, which the BOP denied. Thus, the Court turns to examining whether Mr. Simpson demonstrated extraordinary and compelling reasons to justify compassionate release. Mr. Simpson argues that certain family circumstances entitle him to a reduced sentence. *See* ECF No. 37 at 2. He informs the Court his mother has cognitive issues that are worsening, and he needs to care for her as three of his siblings have died. *Id*. While I recognize the impact of Mr. Simpson's incarceration on his family and sympathize with the challenge of his current circumstances, compassionate release is available only if: (1) his mother is incapacitated; and (2) he is her sole available caregiver. Here, Mr. Simpson has not provided evidence sufficient to establish either.

Mr. Simpson's motions contain merely conclusory and unsupported assertions regarding his mother's health and care needs, all of which are insufficient to carry his burden of establishing extraordinary and compelling reasons for release. *See, e.g.*, *Hodges*, 2025 WL 1796098, at *8 ("conclusory statements, unsubstantiated by evidence on the record, cannot satisfy [the movant's] burden" for compassionate release). Concerning incapacitation, Mr. Simpson simply states that his mother has "some cognitive issues that are rapidly getting worse," ECF No. 37 at 2, and provides no medical records or supporting documentation that would allow the court to conclude that his mother is incapacitated. *See, e.g.*, *United States v. Romano*, 707 F. Supp. 3d 233, 237 (E.D.N.Y. 2023) (stating that defendant's "failure to attach any medical evidence or opinions (or similarly competent evidence) leaves the Court unable to make the necessary

5

factual findings" regarding incapacitation). Similarly, Mr. Simpson has not shown that he is the sole available caregiver for his mother. While Mr. Simpson shares three of his siblings have died, ECF No. 37 at 2, he has not explained why other caregivers are not a viable option for his mother. *See Doe*, 2024 WL 4751731, at *12 (denying compassionate release in part because defendant failed to show he was the only available caregiver for his parents); *see also United States v. Taveras*, 731 F. Supp. 3d 94, 100 (D. Mass. 2024) ("A defendant's mere desire to care for a vulnerable family member does not qualify as an extraordinary and compelling family circumstance when the defendant is not the only available caretaker.").

Because Mr. Simpson does not identify extraordinary and compelling reasons for compassionate release, I do not need to weigh the section 3553(a) factors. *See, e.g.*, *United States v. Pettis*, No. 1:21-CR-00041-LEW, 2024 WL 5112003, at *1 (D. Me. Dec. 13, 2024) ("I need not consider the Section 3353(a) factors if I do not find for the defendant on the other issues.").

### III. Conclusion

For the aforementioned reasons, Mr. Simpson's motions for compassionate release are DENIED without prejudice to his refiling with evidence showing an extraordinary and compelling basis for compassionate release.

**SO ORDERED.**

Dated this 24th day of October, 2025.

/s/ Stacey D. Neumann
**UNITED STATES DISTRICT JUDGE**

6